UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
RANDAL NAGGIE

                              Plaintiff,        07 CV 3901(LAP)(DFE)

-against-

                                           **COMPLAINT**

THE CITY OF NEW YORK, a municipal corporation;
Police Officer PATRICK V. WERBER, Tax Reg.
# 921037; John Does 1-3 individually and as police and
supervisory officers of the New York City Police
Department, the identity of whom is unknown,

                                             **JURY TRIAL**
                                             **DEMANDED**
                            Defendants.
------------------------------------------------------------------------ x

      Plaintiff, Randal Naggie, by his attorney, Glenn A. Wolther, as and for their complaint alleges as follows:

### Jurisdiction & Venue

1.     Jurisdiction is based on 28 U.S.C. sections 1331 and 1343, and the pendant and supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367, to entertain claims arising under state law.

2.     Venue is properly lodged in this Judicial District pursuant to 28 U.S.C. §1391(b)(1), as defendant City of New York resides within this District.

3.     On or about May 18, 2006 and July 27, 2006, Notices of Claim were timely served upon defendant City of New York.

4. More than thirty days have passed since service of the Notices of Claim and adjustment or payment has been neglected.

**Parties**

5. Plaintiff, Randal Naggie, is a resident of New York City and black.

6. At all times material herein, the defendant City of New York ("NYC"), was and is a municipality, duly organized and existing under and by virtue of the laws of the State of New York. The New York City Police Department ("NYPD") is a non-suable subdivision of NYC and its employees are employees of NYC.

7. Upon information and belief, defendant, police officer Patrick V. Werber, Tax Registry No. 921037, ("Werber ") was at all relevant times herein employed by NYC as a Police Officer. Werber is sued both in his personal and official capacities.

8. Upon information and belief, defendant John Does 1-3, were at all relevant times herein, employed by NYC as Police Officers and / or Supervisory Police of higher ranks. They are sued both in their personal and official capacities and as supervisors. Their true identity is presently unknown.

9. At all material times herein and in their actions described herein, all defendants were acting under color of law and pursuant to their authority as employees of NYC and the NYPD. They were acting within the scope of their employment.

10. Under the Charter of the NYC, NYC is responsible for the conduct of municipal agencies such as NYPD, and as such is the legal entity responsible for implementing any legal or equitable relief ordered by the Court in this action

**Facts**

11. On or about February 18, 2006, Plaintiff Randal Naggie ("Naggie" or "plaintiff") was working at his business, located at 211-55 Jamaica Avenue, Queens Village, New York 11428.

12. Upon information and belief, Werber and John Doe One entered plaintiff's business and demanded to talk to him regarding a missing computer. During the course of the conversation they threatened to arrest him.

13. Upon information and belief, when plaintiff attempted to call his lawyer he was cut off by John Doe One. Plaintiff then verbally protested the actions of the NYPD members that were present. Shortly thereafter the NYPD members left without arresting plaintiff.

14. Upon information and belief, thereafter all four individual defendants attempted to gain admission to plaintiff's home to search for the missing computer but they were denied entry by plaintiff's wife.

15. Upon information and belief, within a few hours John Doe Two and John Doe Three entered plaintiff's business at 211-55 Jamaica Avenue. Plaintiff had a verbal exchange with them.

16. Upon information and belief, John Does Two and Three ordered Naggie to close his business and go with them. Plaintiff was accompanied by John Does Two and Three and walked outside to a police car. When plaintiff entered the police car, and attempted to make a phone call, he was told to, "shut the fuck up," by John Does Two and Three.

17. Upon information and belief, by virtue of the words and actions of the NYPD members present plaintiff did not feel free to leave nor was he, in fact, actually free to leave.

18. Upon information and belief, Naggie, was improperly stopped, seized, falsely imprisoned, without legal justification, reasonable suspicion and/or probable cause.

19. Upon information and belief, members of the community witnessed Naggie being taken from his business, into a police car, by the NYPD members.

20. Upon information and belief, after seizing clamant the NYPD members transported him in a police vehicle to his home located at 120-11 218 Street Cambria Heights, NY. Naggie was thus continually confined to a closed area and not able to depart.

21. Upon information and belief, when plaintiff arrived at his home with Werber and John Doe One John Does One and Two were already there.

22. Upon information and belief, next, John Doe One and Two entered plaintiff's home without his consent and without a warrant to conduct a search for the computer.

23. Upon information and belief, plaintiff was eventually handcuffed at his home by one of the NYPD members present.

24. Upon information and belief, Plaintiff was subsequently held by the NYPD members and improperly detained until he was arranged in Queens County Criminal Court on February 19, 2006.

25. Upon information and belief, the action of the NYPD members were taken in part in retaliation for plaintiff's exercise of his right to free speech--as Naggie had at protested the actions of the members of the NYPD and based upon his race.

26. Upon information and belief, some of the NYPD members who were present at the location at the time of the incident were supervisory officers.

27. Upon information and belief, no NYPD member present intervened or stopped the other NYPD defendants from unreasonably seizing plaintiff but should have.

28. Upon information and belief, no NYPD supervisory officer prevented or remedied the unlawful seizure or the unlawful issuing of the criminal complaint, and supporting documents.

29. Upon information and belief, NYPD supervisory officers ratified the documents tacitly or explicitly.

30. On February 19, 2006 plaintiff was arraigned on docket number 2006QN009051 and charged with violating Penal Law §155.25 --Petit Larceny.

31. He was compelled to be present in court under the threat of arrest and attend court on March 20, April 25, and May 30, 2006.

32. The prosecution against plaintiff was favorably terminated on May 30, 2006.

33. Upon information and belief, plaintiff was unjustly and unlawfully subjected to seizure and abusive criminal process in order to punish plaintiff for his protests to the officers and based upon racial animus.

34. Upon information and belief, these action took place in part due to the improper hiring, training, and supervision of members of the NYPD regarding, *inter alia*, the legal bases for stopping, detaining, and/or arresting an individual.

**FIRST CAUSE OF ACTION
FEDERAL CLAIMS
<u>AGAINST ALL DEFENDANTS</u>**

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 as if repeated fully herein.

36. Upon information and belief, defendants violated, conspired to violate, and aided and abetted in the violation of plaintiffs' clearly established and well-settled federally protected rights.

37. The acts and conduct described above deprived the plaintiff of his rights:
    (a) to be free of unreasonable search and seizure of his person, home, and effects;
    (b) to be free from unlawful warrantless arrest;

    (c)    to be free from false imprisonment;

    (d)    to be free from abuse of process;

    (e)    not to be deprived of liberty or property without due process of law;

    (f)    to equal protection of the law;

    (g)    to be free from racial discrimination.

    (h)    to be free from retaliation based upon the right to free speech.

All in violation of the Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1981, 1983.

38. Upon information and belief, the acts and conduct of defendants described above was intentional, wanton, malicious and oppressive.

39. As a result of the acts and misconduct of the defendants complained of herein, plaintiff has suffered deprivation of his liberty, and property, emotional injuries, mental and emotional distress, and suffering, humiliation, embarrassment, economic loss, legal fees, and other damages.

### SECOND CAUSE OF ACTION
### SUPERVISORY CLAIMS

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 as if repeated fully herein.

41. Upon information and belief, the supervisory Doe defendants failed to supervise, monitor, train and discipline other NYPD defendants.

42. Upon information and belief, supervisory Doe defendants have shirked their duty to ensure that officers under their control, and accountable to them, do not engage in civil rights violations and unlawful conduct.

43. Upon information and belief, the acts and conduct of defendants described above was intentional, wanton, malicious and oppressive.

44. As a result of the acts and misconduct of the defendants complained of herein, plaintiff has suffered deprivation of his liberty, emotional injuries, mental and emotional distress, humiliation, embarrassment, economic loss, legal fees, and other damages.

### THIRD CAUSE OF ACTION
### NEW YORK STATE TORT CLAIMS
### AGAINST ALL DEFENDANTS

45. The allegations of paragraphs 1 through 44 inclusive are incorporated by reference herein.

46. The acts and conduct of the defendants constitute False arrest, false imprisonment, malicious prosecution, abuse of process, negligence, negligent hiring, negligent training, negligent retention, negligent supervision, defamation under the laws of the State of New York.

47. Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive.

48. All individual defendants acted within the scope of their employment at times material herein, and the municipal defendant is liable under the doctrine of *respondeat superior* for the acts of its employees, agents, and those within its control.

49. As a direct and proximate result of the defendants' acts described above, defendant has caused plaintiff to suffer emotional injuries, legal fees, emotional suffering, mental anguish, humiliation and embarrassment, deprivation of liberty, and other damages.

**FOURTH CAUSE OF ACTION**
**NEW YORK STATE CONSTITUTIONAL CLAIMS**
**AGAINST ALL DEFENDANTS**

50. The allegations of paragraphs 1 through 49 inclusive are incorporated by reference herein.

51. Upon information and belief, Defendants violated, conspired to violate, and aided and abetted in violating plaintiff's rights to search and seizure, free speech, equal protection and due process under, *inter alia,* Article I sections 6, 8, 11, and 12 of the Constitution of the State of New York.

52. Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive.

53. As a result of the acts and misconduct of the defendants complained of herein, plaintiff has suffered deprivation of his liberty, property, emotional injuries, mental and emotional distress, humiliation, embarrassment, economic loss, legal fees, and other damages.

54. Pursuant to Fed. R. Civ P. 38 plaintiff demands a trial by jury, on all issues so triable, in this action.

**WHEREFORE**, plaintiff Randal Naggie demands judgment and prays for the following relief, jointly and severally, against the individual defendants:

(a) full and fair compensatory and punitive damages in an amount to be determined by a Jury;

(b) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(c) such other and further relief as appears just and proper.

And the following relief against the municipal defendant:

(a) full and fair compensatory damages in an amount to be determined by a Jury;

(b) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(c) such other and further relief as appears just and proper.

Dated: New York, New York
       May 17, 2007

                                              BY: /s/ Glenn A. Wolther
                                              Glenn A. Wolther [GW-5740]

                                              Glenn A. Wolther
                                              *Attorney At Law*
                                              305 Broadway, Suite 1102
                                              New York, New York 10007
                                              Tel: (212) 964-2120
                                              *Attorney for plaintiff*