

| | | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | SARAH B. EVANS<br>*Assistant Corporation Counsel*<br>Tel: (212) 788-1041<br>Fax: (212) 788-9776 |

August 13, 2007

**VIA HAND DELIVERY**
Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Randal Naggie v. City of New York, et al., 07 CV 3901 (LAP)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendant City of New York. In that capacity, I write with the consent of plaintiff's counsel, Glenn Wolther, Esq. to respectfully request a sixty-day enlargement of time, from August 13, 2007 until October 15, 2007, within which the City may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time.

      The complaint alleges that plaintiff was falsely arrested and illegally searched on February 18, 2006, and subsequently maliciously prosecuted. In addition to the City of New York, plaintiff names Police Officer Werber and several unidentified New York City police officers as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this office to forward to plaintiff for execution an authorization for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrest and prosecution of plaintiff were sealed by court order upon the termination of the criminal action in favor of plaintiff. Defendant cannot obtain these records without the authorization, and without the records, defendant cannot properly assess this case or respond to the complaint. Accordingly, the City defendant requires this enlargement so that this office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

*So ordered*
*Loretta A. Preska, USDJ*
*August 14, 2007*

Moreover, we must ascertain whether the individual named in this action have been served with the summons and complaint.[1] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individual named in this action. The individual must then decide whether he wishes to be represented by this office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain the individual's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration.

Respectfully submitted,

*Sarah B. Evans*

Sarah B. Evans (SE 5971)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Glenn A. Wolther, Esq. (By fax)
Attorney for Plaintiff
305 Broadway, Suite 1102
New York, New York 10007
*Fax*: 212-964-0763

---

[1] Upon information and belief, Police Officer Werber has not been served with a copy of the summons and complaint in this action. Without making any representation on behalf of this individual, assuming service was properly effected, it is respectfully requested that his time to respond to the complaint similarly be enlarged so that his defenses are not jeopardized while representational issues are being decided.