UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RANDAL NAGGIE,

                                Plaintiff,

                -against-

THE CITY OF NEW YORK, a municipal corporation, Police Officer PATRICK V. WERBER, Tax Reg. #921037; John Does 1-3 individually and as police and supervisory officers of the New York City Police Department, the identity of whom is unknown,

                                Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT**

07 CV 3901 (LAP) (DFE)

JURY TRIAL DEMANDED

------------------------------------------------------------------- x

        Defendants City of New York and Police Officer Werber, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint ("amended complaint"), respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction and supplemental jurisdiction of the Court as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to base venue as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that a document purporting to be a Notice of Claim on behalf of plaintiff was received by the Office of the Comptroller on or about May 19, 2006.

4.  Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that the purported claim has not been adjusted or paid.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the amended complaint.

6.  Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State of New York, that the New York City Police Department is a non-suable entity, and that the City of New York employs police officers.

7.  Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that Patrick Werber was employed by the City of New York as a Police Officer in February 2006 and that plaintiff purports to sue him as stated therein.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the amended complaint.

9.  Paragraph "9" of the amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

10. Deny the allegations set forth in paragraph "10" of the amended complaint, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

11. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the amended complaint.

12. Deny the allegations set forth in paragraph "12" of the amended complaint.

13. Deny the allegations set forth in paragraph "13" of the amended complaint.

14. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the amended complaint.

15. Deny the allegations set forth in paragraph "15" of the amended complaint.

16. Deny the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

18. Deny the allegations set forth in paragraph "18" of the amended complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "19" of the amended complaint.

20. Deny the allegations set forth in paragraph "20" of the amended complaint.

21. Deny the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint.

25. Deny the allegations set forth in paragraph "25" of the amended complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the amended complaint.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. Deny the allegations set forth in paragraph "29" of the amended complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the amended complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the amended complaint.

33. Deny the allegations set forth in paragraph "33" of the amended complaint.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. In response to the allegations set forth in paragraph "35" of the amended complaint, defendants repeat and reallege paragraphs "1" through "34" of this answer as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the amended complaint.

37. Deny the allegations set forth in paragraph "37" of the amended complaint and all of its subparts.

38. Deny the allegations set forth in paragraph "38" of the amended complaint.

39. Deny the allegations set forth in paragraph "39" of the amended complaint.

40. In response to the allegations set forth in paragraph "40" of the amended complaint, defendants repeat and reallege paragraphs "1" through "39" of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint.

43. Deny the allegations set forth in paragraph "43" of the amended complaint.

44. Deny the allegations set forth in paragraph "44" of the amended complaint.

45. In response to the allegations set forth in paragraph "45" of the amended complaint, defendants repeat and reallege paragraphs "1" through "44" of this answer as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the amended complaint.

47. Deny the allegations set forth in paragraph "47" of the amended complaint.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

49. Deny the allegations set forth in paragraph "49" of the amended complaint.

50. In response to the allegations set forth in paragraph "50" of the amended complaint, defendants repeat and reallege paragraphs "1" through "49" of this answer as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the amended complaint.

52. Deny the allegations set forth in paragraph "52" of the amended complaint.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. Deny the allegations set forth in paragraph "54" of the amended complaint, except admit that plaintiff purports to demand a jury trial as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55. The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59. Plaintiff provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60. The actions of any police officer involved, including Police Officer Werber, were justified by probable cause and/or reasonable suspicion and/or exigent circumstances.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

61. Defendant Werber has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the amended complaint, defendant Officer Werber acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

63. Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

64. At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

65. To the extent the Amended Complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A TWELFTHAFFIRMATIVE DEFENSE:

66. There was probable cause for plaintiff's arrest and prosecution.

**WHEREFORE,** defendants City of New York and Officer Werber request judgment dismissing the First Amended Complaint, as against him with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
           October 15, 2007

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendants City of New York and
                          Officer Werber
                          New York, New York 10007
                          (212) 788-1041

                    By:      _____
                            Sarah Evans (SE 5971)
                          Assistant Corporation Counsel


To:    Glenn Wolther, Esq. (By ECF and first-class mail)
       Attorney for Plaintiff
       305 Broadway, Suite 1102
       New York, NY 10007
       Kew Gardens, NY 11415

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

      I, Sarah Evans, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on October 15, 2007, I served the annexed **ANSWER TO THE FIRST AMENDED COMPLAINT** by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

    Glenn Wolther, Esq.
    Attorney for Plaintiff
    305 Broadway, Suite 1102
    New York, NY 10007

Dated: New York, New York
       October 15, 2007

                                            Sarah Evans
                                            Assistant Corporation Counsel

Docket No. 06 CV 14229 (BSJ) (KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDAL NAGGIE,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal corporation, Police Officer PATRICK V. WERBER, Tax Reg. #921037; John Does 1-3 individually and as police and supervisory officers of the New York City Police Department, the identity of whom is unknown,

                        Defendants.

## ANSWER TO THE FIRST AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Police Officer Werber*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................... ,2007*

*................................................................ Esq.*

*Attorney for .........................................................*