

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **SARAH B. EVANS**<br>*Assistant Corporation Counsel*<br>Tel.: (212) 788-1041<br>Fax: (212) 788-9776 |

April 10, 2008

**VIA ECF AND HAND DELIVERY**
Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: <u>Randal Naggie v. City of New York, et al.</u>, 07 CV 3901 (LAP)

Your Honor:

      Enclosed please find a STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE which has been executed by the parties in the above-referenced matter. We respectfully request that Your Honor endorse the enclosed STIPULATION.

      Thank you for your consideration in this matter.

      Respectfully submitted,

      Sarah B. Evans
      Assistant Corporation Counsel
      Special Federal Litigation Division

Enc.

cc:    Glenn A. Wolther, Esq. (By ECF)
       Attorney for Plaintiff
       305 Broadway, Suite 1102
       New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

RANDAL NAGGIE,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK, a municipal corporation, Police Officer PATRICK V. WERBER, Tax Reg. #921037; John Does 1-3 individually and as police and supervisory officers of the New York City Police Department, the identity of whom is unknown,

                              Defendants.

------------------------------------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

07 CV 3901 (LAP)

      **WHEREAS**, plaintiff commenced this action by filing a complaint on or about May 17, 2007, alleging that defendants violated his constitutional rights; and

      **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **WHEREAS**, plaintiff has authorized counsel to settle this matter as against defendants on the terms enumerated below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    This above-referenced action is hereby dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Randal Naggie the sum of FOURTEEN THOUSAND DOLLARS ($14,000.00) in full satisfaction of all claims, inclusive of claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all claims against the City of New York and all individually named defendants, and to release all defendants and any present or former employees or agents of the City of New York from any and all liability, claims, or rights of action that have or could have been alleged by plaintiff in this action arising out of the events alleged in the complaint in this action, including claims for costs, expenses and attorney's fees.

3. Plaintiff shall execute and deliver to City defendant's attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraph "2" above and an Affidavit of No Liens or an Affidavit Concerning Liens, whichever applies (*CIRCLE ONE*).

4. Nothing contained herein shall be deemed to be an admission by defendants or the City of New York that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written


agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
           April 3           , 2008

Glenn Wolther, Esq.
Attorney for Plaintiff
305 Broadway, Suite 1102
New York, NY 10007
(212) 964-2120

By: _____
     Glenn Wolther, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 788-1041

By: _____
     Sarah B. Evans
     Assistant Corporation Counsel
     4|10|08

SO ORDERED:

_____
U.S.D.J.